Earl SAND, Plaintiff,

v.

Corrections Officer S. STEELE, Corrections Officer L. Hicks, Corrections Officer Darling, and Inmate Hearings Officer B. Mohead, Defendants.

No. Civ.A. 2:01CV11.

United States District Court,
E.D. Virginia,
Norfolk Division.

Aug. 15, 2002.

Earl Sand, Wallens Ridge State Prison, Big Stone Gap, VA, pro se.

Pamela Anne Sargent, Office of the Attorney General of Virginia, Richmond, VA, for defendants.

## ORDER

MORGAN, District Judge.

This matter comes before the Court on a joint motion of the Defendants' for summary judgment in the above titled 42 U.S.C. § 1983 ("Section 1983") claims filed by Plaintiff Earl Sand, a Virginia prison inmate. The joint motion is filed pursuant to Federal Rule of Civil Procedure (Rule) 56. Sand opposes the motion of the Defendants, and further asks this Court to grant him Rule 56 summary judgment on the pleadings he has previously filed with the Court. For the reasons stated herein, the joint motion of the Defendants is GRANTED, and the Plaintiff's motion is DENIED. Accordingly, the Court ENTERS JUDGMENT in favor of the Defendants, and this cause of action is DISMISSED with prejudice.

### STANDARD OF REVIEW

District courts may enter summary judgment only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See Miller v. Leathers,* 913 F.2d 1085, 1087 (4th Cir.1990) (en banc) *cert. denied,* 498 U.S. 1109, 111 S.Ct. 1018, 112 L.Ed.2d 1100 (1991). The facts and inferences to be drawn from the pleadings must be viewed in the light most favorable to the nonmoving party. *See Nguyen v. CNA Corp.,* 44 F.3d 234, 237 (4th Cir.1995). Summary judgment is appropriate when the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In order to defeat a motion for summary judgment, a plaintiff cannot rely on "mere belief or conjecture, or the allegations and denials contained in his pleadings." *Doyle v. Sentry Insur.,* 877 F.Supp. 1002, 1005 (E.D.Va.1995) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Rather, the nonmoving party must set forth specific facts through affidavits, depositions, interrogatories, or other evidence to show genuine issues for trial. *See Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. When a plaintiff fails to make a sufficient showing establishing an essential element of his case and the plaintiff bears the burden of proof on that issue, "there is 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other fact immaterial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

While "it is the province of the jury to resolve conflicting inferences from circumstantial evidence, ... it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests upon speculation and conjecture." *Ford Motor Co. v. McDavid,* 259 F.2d 261 (4th Cir.1958). Such an approach protects against the danger that a jury will make a decision based on sheer speculation, tainted by impermissible factors such as jury sympathy. *Lovelace v. Sherwin–Williams Co.,* 681 F.2d 230, 242 (4th Cir. 1982).

### CORRECTIONS OFFICERS S. STEELE AND L. HICKS

Sand is an inmate with the Virginia Department of Corrections' Sussex I State

Prison, serving a 50 year sentence for rape and forcible sodomy. On May 31, 1999, the Plaintiff was allegedly observed exposing his genitals in a public area of the prison so that other individuals present, guards and inmates, would take notice of his behavior. After prison officials witnessed such behavior, a major offense violation was filed against Sand,[1] in which Officers Steele and Hicks were primarily involved as reporting officers. On June 2, 1999, a hearing was held in front of Inmate Hearings Officer Mohead, as finder of fact and guilt or innocence, where Sand was ultimately convicted of the offense.

Sand exercised his right of appeal to the prison's warden and the Regional Director. The Regional Director attempted to listen to the audiotape of the proceedings to determine the disposition of Sand's appeal, and discovered the tape was damaged beyond his ability to distinguish the sequence of events that took place during the hearing. Unable to review the tape, the Regional Director had no other choice but to rule in Sand's favor on the appeal, and expunge the charge and incident from his prison record. Sand now files suit against Officer's Steele and Hicks for defamation, slander and libel, conspiracy, cruel and unusual punishment, and lying and giving false information, seeking damages pursuant to Section 1983. Steele and Hicks ask the Court to dismiss this action on the grounds that they enjoy qualified immunity from such lawsuits, among other grounds.

As has been ruled consistently in the past:

The doctrine of good faith qualified immunity shields government employees performing discretionary functions from civil liability unless their conduct violates clearly established statutory or constitutional rights of which a reason-

able person would have known. For an individual official to be held liable, the contours of the law must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. Judging whether qualified immunity attaches turns on a standard of objective reasonableness. This immunity defense provides ample protection to all but the plainly incompetent or those who knowingly violate the law. *Delph v. Trent,* 86 F.Supp.2d 572, 575 (E.D.Va.2000) (internal punctuation and citations omitted).

This Court must therefore determine if Steele and Hicks subjected Sand to a violation of federal rights as defined in the United States Constitution and law in reporting on this incident to the proper authorities for disciplinary actions.

■ As the United States Supreme Court has consistently ruled, courts should accord "wide ranging deference" to prison security officials who are reacting with what they believe to be good faith efforts to handle a situation in which they are confronted with unruly prisoners. *Whitley v. Albers,* 475 U.S. 312, 320, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (citing *Bell v. Wolfish,* 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). In this situation, Sand argues that Officers Steele and Hicks did little more than react and testify to the best of their recollection about an incident they saw, which could have caused a disturbance among those prisoners in the general area. The conviction was overturned on technical grounds, and there is not even a hint of proof anywhere in the record that the Officers testified falsely or out of a motive to maliciously harm the integrity of the Plaintiff. *See generally Id.* Furthermore, Sand's Complaint does not allege any sufficient injury of the type that

---

**1.** Sand was officially charged with Major Offense # 210 for indecent exposure. He has

35 such convictions for indecent exposure in his prison record.

would trigger the invocation of Section 1983. *See Lewis v. Casey,* 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *see also Strickler v. Waters,* 989 F.2d 1375 (4th Cir.1993).

■ Defendants Steele and Hicks were merely living up to their duty as correctional officers to report a violation of prison policy by an inmate. "The doctrine of good faith qualified immunity shields government employees performing discretionary functions from civil liability unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Delph,* 86 F.Supp.2d at 575 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). "For an individual official to be held liable, the contours of the law must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.*

■ The Court FINDS that a correctional officer testifying in good faith at an administrative prison proceeding as to his or her belief about what took place involving an inmate is not something a reasonable officer would understand to violate a federal right. Further, the Court FINDS that Officers Steele and Hicks are entitled to qualified immunity from the Section 1983 action filed against them by Sand in the Court. Accordingly, the above titled cause of action against Officers Steele and Hicks is DISMISSED with Prejudice.

### CORRECTIONS OFFICER DARLING

On July 23, 1999, Correctional Officer Darling allegedly observed the Plaintiff standing in the window of his cell suggestively manipulating his unclothed genital area, in such a manner that the officer believed was reasonably designed to attract the attention of those standing in the general public vicinity. Darling immediately rushed to Sand's cell and issued a verbal warning, which by all accounts was heeded by the Plaintiff. Defendant Darling then filed a Major Offense #210 charge against Sand with the proper prison authorities.

A July 30, 1999 hearing was promptly held in front of Mohead, in which Darling testified. Based on the record and testimony at the hearing, Inmate Hearings Officer Mohead found Sand guilty of the offense. Sand's case was appealed to the Regional Director, who ordered a rehearing of the charge. There is no evidence that the rehearing was conducted by prison officials. Without evidence that Mohead conducted the ordered rehearing, the Regional Director dismissed the charge against Sand and ordered it expunged from his prison records.

On August 10, 1999, Officer Darling again claims to have observed Sand participating in indecent activities with his exposed private areas in a public section of the prison. Darling filed a Major Offense #210 infraction charge with the prison. Mohead found Sand guilty on August 19, 1999, following a hearing and review of the record. The Regional Director was unable to locate the audiotape recording of the proceeding to review the hearing upon an appeal by Sand. Without such a tape, the Regional Director dismissed the charge against Sand, and ordered it expunged from his prison record.

As with the identical claims Sand filed against Officers Steele and Hicks, Officer Darling was merely satisfying his duty as a correctional officer to report a violation of prison policy. *See Id.* Sand has not alleged sufficient facts to demonstrate Darling was maliciously reporting on these activities in an attempt to damage the Plaintiff's integrity or knowingly violate a federal right of Sand's. Furthermore, the Plaintiff has not alleged a sufficient harm. *See Id.*

■ The Court FINDS that a Darling testified in good faith at an administrative prison proceeding as to his belief about the incident he believed took place involving the Plaintiff, and would not have reasonably understood his actions to violate a federal right. Further, the Court FINDS that Officer Darling is entitled to qualified immunity from the Section 1983 action filed against him by Sand in the Court. Accordingly, the above titled cause of action against Officer Darling is DISMISSED with Prejudice.

### INMATE HEARINGS OFFICER MOHEAD

During the July 30, 1999 hearing, Inmate Hearings Officer Mohead directed Officer Darling not to answer several questions of Sand's he deemed to be profane and inappropriate. Sand claims this was a violation of his constitutional rights, and therefore the hearing was tainted. The Court notes, *arguendo*, that even if Mohead violated Sand's constitutional rights by not allowing Darling to answer certain questions, that claim was likely remedied by the fact the Regional Director dismissed and expunged the indecent exposure charge of which Sand was found guilty at the July 30, 1999 hearing.

■ The Court does not have to decide that question, however, because Mohead, too, is entitled to protection under the doctrine of good faith qualified immunity. The inmate hearings officer is under a duty to maintain an environment during a hearing where the examination of witnesses is conducted in a professional manner and relates only to germane subjects. *See Id.* If any person examining a witnesses strays into inappropriate questioning, it is his duty to return the proceeding to proper order and decorum.

■ The Court FINDS that an Inmate Hearings Officer who, in good faith, directs a witness at an administrative prison proceeding not to answer a question deemed inappropriate is not acting in such a manner that a reasonable officer would understand to violate a federal right. Further, the Court FINDS that Mohead is entitled to qualified immunity from the Section 1983 action filed against him by Sand in the Court. Accordingly, the above titled cause of action against Inmate Hearings Officer Mohead is DISMISSED with Prejudice.

The Plaintiff is advised that he may appeal from this final Order granting summary judgment by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED.**